| | |
|---|---|
| **GIBSON LAW FIRM, PLLC** | **NELSON MADDEN BLACK LLP** |
| Sujata S. Gibson, Esq. | Jonathan R. Nelson, Esq. |
| 408 W Martin Luther King, Jr. St. | 475 Park Ave. S., Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |

December 16, 2021

**By ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:  *Keil, et al., v. The City of New York, et al.*, No. 21 Civ. 8773
            *Kane, et al., v. Bill de Blasio, et al.*, No. 21 Civ. 7863

Dear Judge Caproni:

      Pursuant to Rule 62(d), Plaintiffs jointly request that this Court grant an injunction as requested in our recent motion papers or, alternatively, a stay of enforcement of Commissioner Chokshi's vaccine mandates dated September 15 and September 28, 2021 against Plaintiffs and the proposed class identified below, pending interlocutory appeal of this Court's December 14, 2021 order denying Plaintiffs' motion for a preliminary injunction, which Plaintiffs have appealed to the Court of Appeals.

      Plaintiffs rely on the papers submitted previously in support of the aforesaid motion and in prior proceedings in this Court and in the Court of Appeals and note that Defendants alerted Plaintiffs that they must either waive their right to continue this litigation or face permanent termination on December 28, 2021. Thousands of other similarly situated DOE employees face the same harm. Each day represents fresh ongoing irreparable harm, as Plaintiffs and their colleagues are forced to choose between their faith and their job, in violation of the First Amendment. Loss of such First Amendment rights "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 US 347, 373 (1976).

      The "fresh consideration" did not serve to protect Plaintiffs. This Court was empowered by the Second Circuit to revise the injunctive relief to ensure that Plaintiffs can continue this litigation without continued harm to their basic constitutional rights, such as is presented by the daily coercion to waive their right to sue that they face now.

      Plaintiffs bring to the Court's attention the summary denials by the citywide panel of Plaintiffs' appeals, without as much as feigning the provision of a substantive basis for such denials. Only upon Plaintiffs' letter motion dated December 11, 2021 at 8:29 PM, pointing out this blatant shortcoming,

did Defendants at 4:27:15 PM on December 13, 2021, provide apparent cover via an email containing purported "summaries of the reason for the decision in each appeal," *Ex. A*, which did nothing to change the fact that the actual denials were summarily issued.

These post-hoc justifications also show that, in violation of the Second Circuit's order, Defendants did not apply standards provided by Title VII or the New York State or New York City Human Rights Laws. Instead, they reused the unconstitutional arbitration standards, by affirming that applicants' religious beliefs were sincere, but unconstitutionally defining their beliefs as "not religious" because they are personally held. This discriminatory standard does not even comply with EEOC guidelines, leave aside the more stringent guidelines governing the New York State and City statutes.

The fresh consideration process does not deprive Plaintiffs of their right to have this case reviewed under strict scrutiny. A state actor's assessment of religious exemption applications under Title VII's "reasonable accommodation" standard by its very nature renders the relevant law not generally applicable. "Like the good cause provision in Sherbert," the vaccine mandate "incorporates a system of individual exemptions, made available" at Defendants' "sole discretion," giving rise to strict scrutiny. *Fulton v. City of Phila.*, ___US___ , ___, 141 S Ct 1868, 1878 (2021). The First Amendment requires government actors engaging in religious exemption determinations to meet its heightened standards; no act of Congress can have the effect of diminishing those sacrosanct standards.

Moreover, as previously argued, the DOE Mandate itself is neither neutral nor generally applicable. It was implemented through an admittedly unconstitutional policy, and it is not generally applicable since it does not apply to the general public. Indeed, various mandates have been imposed upon other New York City departments, agencies and groups which impose different penalties for noncompliance-or none at all. In this context, we respectfully submit herewith numerous other vaccine mandates that have been issued by Defendants, each specially applicable to a distinct portion of the general population, and each to be enforced by rules that are inconsistent with each other and with the rules that are applicable to the proposed class of New York City Department of Education employees who oppose the DOE COVID-19 vaccine mandate for religious reasons – requiring strict scrutiny of Defendants' actions. *Ex. B*.

For all the reasons set forth above, Plaintiffs respectfully request that this Court grant an injunction or, alternatively, a stay of enforcement of Commissioner Chokshi's vaccine mandates, pending interlocutory appeal of this Court's December 14, 2021, order denying Plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

/s/ Jonathan R. Nelson  /s/ Sujata S. Gibson
Counsel for Keil Plaintiffs    Counsel for Kane Plaintiffs

cc:   All counsel via ECF